SMITH, Judge.
Appellants, officials who are responsible for the proper administration of state retirement plans, appeal from a final judgment entered by the Circuit Court of Leon County in an action by appellee Thomas for declaratory and ancillary relief resolving the parties’ controversy over Thomas’ entitlement to retirement benefits for the period July 17, 1967 through October 1, 1973. The circuit court held that Thomas, formerly sheriff of Jefferson County, is entitled to the benefits and appellants insist that payment is barred by the provisions of § 122.08(7), F.S. 1973 (1974 Supp.):
“No state or county official or employee who has a shortage in his accounts, as certified by the auditor general, may retire or receive any benefits under this chapter so long as such shortage exists.”
The auditor general certified that a shortage existed in the former sheriff’s accounts on June 14, 1967, and a shortage existed until it was corrected by payment in September 1973. While the correction of the shortage resulted in Thomas receiving his pension benefits on and after Octo *147 ber 1, 1973, the existence of the shortage prevented his receiving benefits from the date of his attempted qualification for retirement, July 17, 1967, until the date the shortage was corrected.
The trial court held that the quoted statute did not irrevocably forfeit the former sheriff’s retirement benefits accruing between July 1967 and October 1973, but merely postponed his entitlement to those benefits until the shortage was removed. We agree. The statute does not clearly require a forfeiture or irremediable penalty. None should be supplied by unnecessary implication. See Hotel and Rest. Comm’n v. Sunny Seas No. One, Inc., 104 So.2d 570 (Fla.1958).
Affirmed.
RAWLS, Acting C. J., and MILLS, J., concur.