335 So.2d 358 (1976)
James H. WILLIAMS, Secretary of the Department of Administration of the State of Florida, Appellant,
v.
Floyd T. CHRISTIAN, Appellee.
No. Z-454.
District Court of Appeal of Florida, First District.
July 14, 1976.
*359 Robert L. Shevin, Atty. Gen., Kenneth F. Hoffman, Asst. Atty. Gen., and L. Keith Pafford, Tallahassee, for appellant.
Joseph C. Jacobs, Robert J. Angerer and E.C. Deeno Kitchen of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellee.
RAWLS, Acting Chief Judge.
The central issue of this case is whether or not an adjudication of guilt under Section 838.06, Florida Statutes (1973),[1] constitutes a finding of guilt of the offense of "bribery in connection with the employment" as contemplated by Section 121.091(5)(f), Florida Statutes (1973).[2] By its summary final judgment in favor of appellee (Christian), the trial court held, inter alia:
"... unauthorized compensation for performance or nonperformance of duty) and adjudication of guilt therefor, does not constitute a finding of guilt as to `... committing, aiding, or abetting ... bribery ...' as contemplated by Section 121.091(5)(f), Florida Statutes (1973), and, accordingly, does not serve to invoke the provision of the statute last cited requiring a forfeiture of all retirement rights and benefits granted plaintiff [Christian] under Chapter 121, Florida Statutes . .. ."
We agree and affirm.
Appellee Christian has been a member of various state retirement plans since their inception in 1941. The following facts are extracted from an affidavit executed by T. Edward Austin, assigned State Attorney: In 1974, the Leon County Grand Jury returned several indictments setting forth some 19 counts which had been prepared and submitted by T. Edward Austin, assigned State Attorney. Two of the counts charged Christian with the crime of bribery pursuant to Section 838.012, Florida Statutes (1973), and one count with the crime of receiving unlawful compensation pursuant to Section 838.06, Florida Statutes (1973). All nineteen counts were dismissed as a result of the decisions of the Supreme Court in Austin v. State ex rel. Christian, 310 So.2d 289 (Fla. 1975), and Rudd v. State ex rel. Christian, 310 So.2d 295 (Fla. 1975). *360 Subsequently, Austin filed direct informations in nine counts which included a count of bribery and a count of receiving unlawful compensation. As a result of plea bargaining engaged in between Christian and the state, it was agreed that Christian would enter a plea of nolo contendere to three counts, including the count involving receiving unlawful compensation, and that the remaining six counts, including the count involving bribery, would not be refiled. During the plea negotiations, both parties agreed and proceeded on the premise that the only plausible construction of Section 121.091(5)(f), Florida Statutes, would provide that the plea of nolo contendere to acceptance of unlawful compensation would not jeopardize Christian's retirement benefits.[3]
The elements of the offense of bribery are as follows: 1) knowledge on the part of the accused of the official capacity of the person to whom the bribe is offered, 2) the offering of a thing of value, and 3) the intent to influence the official action of the person to whom the bribe is offered.[4] The offense of bribery as punished in this state applied to the one who corruptly offers, gives, or receives anything of value to influence the receiver's action. Section 7486,[5] while infected with the element of bribery, is much broader in scope than bribery statutes. It reaches only the acceptor of the bribe, but it also includes the crime of extortion and affects the officer if he accepts a bribe for the performance or non-performance, or violation of any act, rule or regulation that he may be called on to perform.[6]
Appellant relies primarily upon isolated extracts from our opinion in Smith v. State[7] to sustain his contention that Section 838.06, F.S. (1973), constitutes bribery as contemplated by the legislature in enacting Section 121.091(5)(f), F.S. (1973). Smith involved the prosecution of a Jacksonville City Councilman for acceptance of a bribe as denounced in Section 838.012, F.S. This court observed that the evidence was not sufficient to make out "bribery" but would have supported a conviction under Section 838.06, F.S. We specifically observed in Smith that "the testimony of the State's witness may have substantially proved the violation of F.S. 838.06 ... which has a broader scope in bribery than 838.012... ." As quoted by appellant, the Smith opinion does state that the "two statutes in question are dealing with the same offenses, the offenses of bribery  acceptance of bribes by public officers, as provided in Section 838.012, and the taking of unauthorized compensation for performance or nonperformance of duties by public officers as provided in Florida Statutes Section 838.06". The language, although loosely used, clearly recognizes "two offenses"; that is, "bribery" and the "broader in scope than bribery" of acceptance of unauthorized compensation. Had not we recognized such distinctions, the Smith judgment would have been affirmed instead of reversed. Appellant would have this court judicially enact two bribery statutes, while the legislature, which is presumed to know existing statutes[8] and case law construing them, provided one bribery statute and one separate and distinct statute proscribing acceptance of unlawful compensation.[9]
*361 The legislature, in providing for forfeiture of pension benefits in Section 121.091(5)(f) in 1973, clearly intended that "bribery" would be applied in those cases where a "corrupt motive" and an "intent to influence an official act" were alleged and proved. The state had charged Christian in the instant case with such conduct. It agreed to plea bargain and in such bargain nolle prossed the bribery charge against Christian. Section 838.06, F.S. (1973), does not clearly require a forfeiture of Christian's retirement benefits. This construction is buttressed by the affidavit of T. Edward Austin, one of Florida's most distinguished state attorneys, as well as by the subsequent legislative amendments to the two statutes here involved.[10]
No citation of authority is required to support the rule that forfeitures are not favored in law. They are considered harsh exactions, odious, and to be avoided when possible. Statutes imposing forfeiture will be strictly construed in a manner such as to avoid the forfeiture and will be liberally construed so as to avoid and relieve from forfeiture.[11]
AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Florida Statute 838.06 (1973) provides:

"Unlawful for officers to accept unauthorized compensation for performance or nonperformance of duty. It is unlawful for any public officer, agent, servant or employee to request, solicit, exact or accept any reward, compensation, or other remuneration, other than those provided by law, from any person whatsoever for the past, present or future performance, nonperformance or violation of any act, rule or regulation that may be or may have been incumbent upon such public officer, agent, servant or employee to administer, respect, perform, execute or have executed; provided that nothing herein shall be construed so as to preclude a sheriff, deputy sheriff, constable, deputy constable, city marshal or policeman from accepting rewards or remuneration for services performed in apprehending any criminal."
Amended in 1974 (Ch. 74-383, Laws of Florida) specifically modifying the proscribed acts with the word "corruptly". Now Section 838.016, Florida Statutes (1975).
[2] Florida Statute 121.091(5)(f) (1973) provides:

"Any member who is found guilty in a court of competent jurisdiction of committing, aiding, or abetting any embezzlement or theft from his employer or bribery in connection the employment, committed prior to retirement, or any member whose employment is terminated by reason of his admitted commitment, aiding or abetting of an embezzlement or theft from his employer or such bribery shall forfeit all rights and benefits under this chapter except the return of his accumulated contributions as of his date of termination."
Amended in 1975 providing forfeiture of retirement benefits by any member found guilty of any felony specified by Chapter 838, Florida Statutes. Chapter 75-86, Laws of Florida.
[3] Austin also stated in his affidavit:

"Thus, while I plainly had no authority to bind the State retirement system and made no representations at any time that I could or would personally insure that FLOYD T. CHRISTIAN would receive his pension benefits, such a result was impliedly assured by our mutual good faith construction of Section 121.09[1](5)(f), F.S. [1973]"
[4] Nell v. State, 277 So.2d 1 (Fla. 1973).
[5] Predecessor of Section 838.06, F.S. (1973).
[6] Richards v. State, 144 Fla. 177, 197 So. 772 (1940).
[7] Smith v. State, 253 So.2d 465 (1 Fla.App. 1971).
[8] Tamiami Trail Tours v. Lee, 142 Fla. 68, 194 So. 305 (1940).
[9] In State v. Greene, 247 So.2d 102 (3 Fla.App. 1971), the Third District Court of Appeal correctly observed: "This statute [838.06] is not the typical bribery statute... ."
[10] See notes (1) and (2) supra.
[11] Ireland v. Thomas, 324 So.2d 146 (1 Fla.App. 1975); 37 C.J.S. Forfeitures § 4.b.