414 So.2d 1087 (1982)
Louis J. TSAVARIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1530.
District Court of Appeal of Florida, Second District.
May 7, 1982.
Rehearing Denied June 9, 1982.
*1088 Frank Ragano, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Louis J. Tsavaris appeals his conviction and sentence. Dr. Tsavaris, a psychiatrist, was charged in 1975 with the first-degree murder of Cassandra Burton, a former patient of his with whom he had allegedly been having an affair. The jury convicted him of the lesser included offense of manslaughter, and he was sentenced to fifteen years in prison. We affirm.
The only issue raised which merits discussion is the question of the sufficiency of the evidence. Dr. John Feegel, the forensic pathologist who performed the autopsy on the victim, testified that the cause of her death was manual strangulation. Although he found no bruises or other evidence of strangulation on the skin of the neck, he stated that a strangulation can occur without leaving marks on the neck.
Feegel apprised the court and jury of a technique of reducing the blood flow to the brain to enhance pleasure during a sexual experience. This technique, also discussed by two defense medical expert witnesses, involves partial strangulation. The technique is also used by cardiologists to change or stop heart rhythm. It is a dangerous procedure to be used only under controlled conditions, since the loss of oxygen to the brain (which is what increases sexual enjoyment) can lead to unconsciousness, and heart stoppage can also occur. There was some indication that appellant was familiar with this technique, and there was testimony that he had once said he knew how to strangle a person without leaving marks. And there was evidence found by Feegel that Burton had engaged in sexual activity shortly before her death.
Appellant makes much of Feegel's admission that death could occur accidentally during use of this technique. However, as the state points out, if this was what occurred, appellant's use of this dangerous technique would constitute culpable negligence. Culpable negligence is consciously doing an act which a reasonable person would know is likely to result in death or great bodily harm to another person, even though done without any intent to injure anyone but with utter disregard for the safety of another. Fla. Std. Jury Instr. (Crim.). Such culpable negligence on appellant's part is sufficient to support a verdict of manslaughter. See Filmon v. State, 336 So.2d 586 (Fla. 1976); Pritchett v. State, 414 So.2d 2 (Fla. 3d DCA Apr. 6, 1982); Marasa v. State, 394 So.2d 544 (Fla. 5th DCA), cert. denied, 402 So.2d 613 (Fla. 1981); O'Berry v. State, 348 So.2d 670 (Fla. 3d DCA 1977).
Appellant also places great reliance on the fact that no sperm were found in the victim's body, indicating sexual activity with a man who had no sperm, and that a recent examination (six years after Burton's death) of appellant revealed that he had a normal sperm count and had never undergone a vasectomy. However, there was testimony from one of the expert witnesses that recent, frequent intercourse by *1089 the man involved in the sexual activity with Burton could have depleted his sperm.
Appellant moved for judgment of acquittal at the close of the state's case and again at the conclusion of all the evidence. Florida Rule of Criminal Procedure 3.380(a) provides that if the court is of the opinion that the evidence is insufficient to warrant a conviction it may upon proper motion enter a judgment of acquittal. The accepted standard to be applied on review of the denial of the motion is not whether the evidence fails to exclude every reasonable hypothesis but that of guilt, but rather whether the jury might reasonably so conclude. Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974).
We conclude that there was legally sufficient evidence submitted to the jury to support the jury verdict finding appellant guilty of manslaughter. We further find no merit to any of the other points appellant raises on this appeal. Point six was previously decided against appellant by this court. State v. Tsavaris, 382 So.2d 56 (Fla. 2d DCA 1980), aff'd, 394 So.2d 418 (Fla. 1981).
Accordingly, appellant's judgment and sentence for manslaughter is AFFIRMED.
DANAHY, J., concurs.
GRIMES, J., concurs specially with opinion.
GRIMES, Judge, concurring specially.
While Dr. Feegel unequivocally testified that Ms. Burton died of manual strangulation, he admitted that it was possible that this could have occurred during intercourse as a result of a technique designed to heighten sexual pleasure. By itself, this might leave open a reasonable hypothesis of innocence with respect to premeditated murder which would mandate the entry of a judgment of acquittal to that charge in a case such as this which involves only circumstantial evidence. McArthur v. State, 351 So.2d 972 (Fla. 1977). However, this reasonable hypothesis of innocence looks far less reasonable when viewed in the context of the evidence the state introduced to show that appellant, who admitted to being with Ms. Burton when she died, acted in a manner and made statements which were quite inconsistent with Dr. Feegel's alternative theory of how the death occurred. Hence, the court did not err in submitting the issue of first degree murder to the jury. Appellant cannot complain if the jury chose to give him a pardon to the extent of only finding him guilty of manslaughter. Coppolino v. State, 223 So.2d 68 (Fla. 2d DCA 1968).