SCHOONOVER, Judge.
The state has appealed from a guidelines sentence imposed upon appellee, Claude Andrew Huggins. We find that the trial court erred in departing downward from the presumptive sentence indicated by the guidelines scoresheet, and we, accordingly, reverse and remand for resentencing within the guidelines.
Huggins and a codefendant were originally charged with sexual battery, strong armed robbery, and aggravated battery. The state offered both of them an opportunity to plead to reduced charges. The co-defendant accepted the state’s offer and after pleading to reduced charges was sentenced to serve four and one-half years in prison. Huggins refused the offer, proceeded to trial, and was found guilty of sexual battery with great force, strong armed robbery, and battery. The guidelines scoresheet prepared prior to sentencing indicated a presumptive sentence of between seven and nine years imprisonment. The court departed downward from the presumptive sentence and sentenced Huggins to serve four years imprisonment on the sexual battery charge, four years imprisonment on the strong armed robbery charge, and one year on the battery charge. All of the sentences were to be served concurrently. The court in setting forth its written reasons for departure stated that the codefendant was as involved in the crimes as Huggins, and the codefend-ant received a four and one-half year sentence because the state had allowed him to plead to lesser charges. The court, accordingly, felt that the disparity between Huggins’ presumptive sentence and codefend-ant’s sentence was not justified.
This appeal timely followed.
Although a trial judge may mitigate or depart downward from a presumptive sentence, he may only do so for clear and convincing reasons. Tanner v. State, 468 So.2d 505 (Fla. 2d DCA 1985). We do not find clear and convincing reasons in this case.
We have held that a court cannot depart upward because a codefendant’s involvement in the crime was equal and there is no other valid reason for differentiating between the two defendants. Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985); see also, Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985). Just as disparity in the sentencing of a codefendant is not a clear and convincing reason to depart upward, it *484 is not a clear and convincing reason to depart downward.
Huggins asserts that the imposition of the presumptive sentence in this case would amount to punishing him for exercising his constitutional right to receive a jury-trial. In United States v. Resnick, 483 F.2d 354 (5th Cir.), cert. denied, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973), the court said it stretched their credulity to think that one who declines to plead guilty with a recommended sentence acceptable to the court should nevertheless be given the benefits of a bargain available to, but rejected by him. We agree.
We, accordingly, reverse and remand for resentencing within the guidelines presumptive sentence.
SCHEB, A.C.J., and HALL, J., concur.