512 So.2d 948 (1987)
Arden M. MERCKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2419.
District Court of Appeal of Florida, Second District.
May 15, 1987.
Rehearing Denied June 19, 1987.
Frank Ragano of Frank Ragano, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The grand jury indicted the defendant, Arden M. Merckle, for bribery in violation of section 838.015(1), Florida Statutes (1981), receiving unlawful compensation in violation of section 838.016(2), Florida Statutes (1981), extortion by a state officer in violation of section 839.11, Florida Statutes *949 (1981), and misbehavior in office in violation of section 775.01, Florida Statutes (1981). On September 8, 1985, a trial jury returned its verdict of guilty on all counts. Defendant filed several post trial motions which were denied by the court. The court then adjudged the defendant guilty on all charges and departed from the recommended guideline sentence and sentenced the defendant to five years' imprisonment and imposed a fine of $12,000.
On appeal defendant contends that his conviction cannot be sustained because the circumstantial evidence does not exclude every reasonable hypothesis of innocence; that he was denied due process of law by the trial court's exclusion of the testimony of certain witnesses; and that the trial court deprived him of his right to a fair trial by denying his motion to interview the jurors. Furthermore, he urges that the trial judge erred in deviating from the recommended guideline sentence of "any non-state prison sanction."
We find no merit to defendant's first three contentions relating to his convictions. We also reject his contention that the trial judge improperly departed from the recommended guideline sentence. We only find error in the amount of the trial court's fine for Merckle's conviction of misbehavior in office. Therefore, we affirm his convictions and with one required correction, we affirm his sentence, but we certify the issue of the trial court's sentencing guidelines departure to the Florida Supreme Court as one of great public importance.
Defendant was tried by jury along with codefendants, Richard P. Hope and Howard L. Garrett, each of whom were charged with offenses against the administration of justice. Each was found guilty as charged and sentenced by the trial court. We have affirmed the convictions but remanded the sentence of Richard P. Hope and reversed the convictions and sentence of Howard L. Garrett. See State v. Hope, 508 So.2d 425 (Fla. 2d DCA 1987); Garrett v. State, 508 So.2d 427 (Fla. 2d DCA 1987).
The charges against the defendant, Arden M. Merckle, arose out of his alleged misconduct in his office as chief judge of the Thirteenth Judicial Circuit. Specifically, the allegations concerned the defendant's activities incident to taking a plea, withholding adjudication, placing on probation, and imposing a fine against David Wynn Hope, III, who was charged with several drug offenses and grand theft auto.
Defendant argues that the trial court erred in failing to grant a judgment of acquittal. Furthermore, he contends that even if the circumstantial evidence was sufficient to suggest a probability of guilt, it was not inconsistent with a reasonable hypothesis of innocence. On appeal, however, we must view the evidence adduced and every conclusion fairly and reasonably inferable therefrom favorable to the state. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Lynch v. State, 293 So.2d 44 (Fla. 1974). Moreover, we can review the evidence only to determine if there was legally sufficient evidence to support the jury's verdict, the weight of that evidence being the province of the jury. It would serve no useful purpose to detail here all of the evidence presented before the jury. Suffice it to say, there was sufficient circumstantial evidence from which the jury could have found that the defendant accepted a bribe in connection with his disposition of the criminal charges pending against Hope. See Tibbs v. State. Hence, we find that the jury could reasonably have concluded, as it did, that the evidence before it excluded every reasonable hypothesis of innocence. See Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982). Thus, since there is substantial, competent evidence to support the jury's verdict, we must affirm. See Clark v. State, 379 So.2d 97 (Fla. 1980), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981). As noted, we find no error in this or the other points raised by defendant.
*950 We do address, however, the defendant's contention that the trial judge erred in departing from the recommended guidelines sentence.
Defendant Merckle was convicted of bribery and unlawful compensation, each a third degree felony for which a defendant may be punished up to five years in prison. § 775.082(3)(d), Fla. Stat. (1981). His convictions for extortion by a state officer, a first degree misdemeanor, and misbehavior in office, a common law crime, are both punishable by up to one year in county jail. §§ 775.082(4)(a) and 775.02, Fla. Stat. (1981). Additionally, fines up to $5,000 may be imposed for a conviction of a third degree felony, up to $1,000 for a conviction of a first degree misdemeanor and up to $500 for a conviction of a common law crime. See §§ 775.02, 775.083(1)(c), and 775.083(1)(d), Fla. Stat. (1981). Here, the trial court only exceeded the statutory maximum sentence by imposing a $1,000 fine for Merckle's conviction of misbehavior in office. Therefore, the fine for this common law offense must be reduced by $500.
The offenses for which the defendant was convicted occurred prior to October 1, 1983. Therefore, the defendant was entitled to affirmatively select to be sentenced under the Florida Sentencing Guidelines. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). Defendant so elected and his guideline score of 65 placed his recommended sentence in the category of "any non-state prison sanction." A trial judge, however, is permitted to depart from the recommended guideline sentence when the judge can supply clear and convincing written reasons for deviating. Fla.R.Crim.P. 3.701(b)(6). In departing from the presumptive guideline sentence the trial judge prepared a narrative report incorporating his basis for departure. While the use of the narrative format is not unacceptable, it is more useful, for purposes of review, if the trial court provides written reasons for departure in the form of a clearly delineated itemization. See Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986). We think the trial court's reasons here can be summarized as follows:
1. The defendant abused his status as chief circuit judge, with administrative control over other judges in the circuit, by accepting a bribe of money in exchange for granting an unjustly lenient sentence in a serious criminal case which he caused to be "judge shopped" to himself.
2. The defendant's conduct had a severe impact (out of proportion to the impact of lesser incidences which might otherwise arise under convictions for bribery and unlawful compensation) on societal values and the confidence of the general public because of the defendant's violation of the public's trust and the shame and disgrace he brought to the judicial system.
3. The motive of the defendant as manifested by the manner in which he spent part of the bribery proceeds by taking a trip to Europe while he was being besieged by bill collectors.
4. The statutes proscribing bribery and unlawful compensation should each carry the penalty of a second degree felony.
5. The penalty provided for by the sentencing guidelines in this instance is insufficient.
Our function in assessing the validity of the trial judge's reasons for departure from a recommended guideline sentence is to determine whether the trial court abused its discretion in finding the reasons for departure to be clear and convincing. State v. Mischler, 488 So.2d 523 (Fla. 1986). In performing this function we recognize that Rule 3.701(d)(10) seeks to discourage departures from the recommended guidelines sentences, see Albritton v. State, 476 So.2d 158 (Fla. 1985), and that a trial judge cannot depart from the recommended sentence on the basis of a reason that is an inherent component of the crimes for which the defendant is sentenced. State v. Mischler.
Defendant correctly points out that the Florida Supreme Court in Mischler held that the special relationship between a defendant who was a bookkeeper and her employer was an "inherent component" *951 of the crime of embezzlement; hence such a relationship was not a valid basis for a trial judge to depart from a recommended guidelines sentence. There the Court said that neither the fiduciary relationship between a defendant and her employer nor the amount of the theft nor the poverty of the employer could justify an upward departure from the guidelines. State v. Mischler.
Just as a breach of trust and fiduciary obligation is inherent in a conviction of embezzlement, defendant argues that a breach of public duty by a public servant is an inherent component of the offenses for which he was convicted. We recognize the arguable logic of defendant's contention. Yet, we are not prepared to say that the two situations are closely analogous. A bookkeeper's violation of fiduciary duties, while admittedly serious, does not have the potential impact on the public that does the corruption of a member of the judiciary. It is in the judicial branch of our government that the public has placed its trust for safeguarding the personal and property rights of our citizens and serving as an impartial arbiter in their relationship with their government. We therefore think that the reasons summarized in 1 and 2 are supported by the record and are clear and convincing reasons to depart from the recommended guidelines sentence.
We do not regard defendant's alleged use of the bribery proceeds as being a clear and convincing reason for departure, and it is clear that the last two reasons for departure are invalid because they merely reflect the trial judge's disagreement with the penalties provided by the legislature and those prescribed by the sentencing guidelines. See Scurry v. State, 489 So.2d 25 (Fla. 1986).
In departing from the presumptive guidelines sentence the trial judge relied on both valid and invalid reasons; however, we think the state has established beyond a reasonable doubt that the trial judge would have departed on the basis of the defendant being a sitting circuit judge whose conduct was an egregious breach of the public trust, a breach that was aggravated by the fact that defendant was the chief judge of the judicial circuit. Therefore, we find it unnecessary to remand for reconsideration in light of our having found the other reasons advanced by the court to be invalid. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
We do, however, certify to the Florida Supreme Court as a question of great public importance:
WHETHER A CIRCUIT JUDGE'S CONDUCT IN ACCEPTING A BRIBE AND THE ATTENDANT IMPACT OF SUCH CONDUCT ON SOCIETAL VALUES AND THE DESTRUCTION OF CONFIDENCE OF THE PUBLIC IN THE ADMINISTRATION OF JUSTICE CONSTITUTE CLEAR AND CONVINCING REASONS FOR DEPARTURE FROM THE RECOMMENDED GUIDELINES SENTENCE?
Accordingly, we direct the trial court to amend the defendant's conviction for misbehavior in office to show that conviction as a common law misdemeanor and reduce the fine for that offense to $500. We otherwise affirm the defendant's convictions and sentence.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.