508 So.2d 425 (1987)
Richard P. HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2370.
District Court of Appeal of Florida, Second District.
May 15, 1987.
*426 Joel Hirschhorn and Andrew Cotzin, of Joel Hirschhorn, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, Richard P. Hope, appeals his convictions and sentences imposed after a jury convicted him for the offenses of bribery, a violation of section 838.015(1), Florida Statutes (1981), and giving, offering or promising unlawful compensation, a violation of section 838.016(2), Florida Statutes (1981). On appeal, he raises a number of issues related to his convictions and sentences. We find merit only in his argument that the trial judge erred in his upward departure from the recommended guidelines sentence. Before we address that error, we would comment briefly on appellant's issue on this appeal related to the sufficiency of the evidence to sustain his convictions.
Appellant was tried with Howard L. Garrett and Arden M. Merckle. The jury found each guilty as charged. In other opinions this date, we have affirmed, with one exception, the convictions and sentences of Arden M. Merckle and reversed the convictions and sentences of Howard L. Garrett. Merckle v. State, No. 85-2419 (Fla.2d DCA May 15, 1987); Garrett v. State, 508 So.2d 427 (Fla.2d DCA 1987).
The charges pertaining to each of the three defendants arose out of their alleged actions to secure a reduced sentence in a criminal case then pending in the circuit court in Hillsborough County against David Hope, the nephew of appellant Richard P. Hope. Appellant Hope and Howard L. Garrett were jointly indicted in the same counts of the indictment with identical offenses. The evidence as it pertained to each of the three defendants differed substantially in content and in application to each defendant.
As we point out in Garrett, "There was considerable evidence presented relevant to the charges against codefendants Hope and Merckle. Nevertheless, there were only two circumstances from which any conduct on the part of Garrett in violation of the statutes proscribing bribery and unlawful compensation could be suspect." Viewing the evidence in its entirety and in a light most favorable to the state, which we are required to do, we found the evidence legally insufficient to support the convictions of Howard L. Garrett. Likewise, reviewing the evidence as it pertains to appellant Hope, because it differs substantially in quantity and application, we are not inconsistent in finding that the evidence is sufficient to sustain the convictions of Mr. Hope.
We are unable, however, to find that the trial judge has stated clear and convincing reasons for his upward departure from the presumptive guidelines sentence as is required by Florida Rule of Criminal Procedure 3.701(b)(6). While the offenses for which appellant was convicted occurred prior to October 1, 1983, appellant affirmatively elected to be sentenced under the Florida Sentencing Guidelines. His guideline score of sixty-two placed his recommended sentence in the category of "any non-state prison sanction." The trial judge, in departing, sentenced appellant to a term of five years and a $5,000 fine on the bribery charge and on the unlawful compensation charge to five years probation to run consecutive to his prison sentence.
As in Merckle, the trial judge's departure order was in narrative form. We think the reasoning stated in the order can be summarized as follows: (1) the defendant orchestrated and participated in a scheme highly destructive of the criminal justice system *427 by securing the services of an attorney to accomplish the bribe of a circuit judge; (2) the defendant's purpose was to obtain leniency for his nephew to the detriment of the general public's right to a lawful sentence and to the prejudice of all other cases being prosecuted; (3) the legislature had not specified sufficient punishment for the crimes for which defendant was charged and; (4) the penalty provided by the recommended guidelines was not sufficient.
The state has conceded at oral argument that the trial judge's only reason for departure that now has validity is the issue summarized as number one above. We agree with the state that there is no reasonable doubt that the trial judge would have exceeded the guidelines on the basis of that reason alone. Albritton v. State, 476 So.2d 158 (Fla. 1985). However, we cannot conclude that that reason is sufficient to warrant departure under these circumstances. A departure cannot be based on a reason that is an inherent component of the crimes for which the defendant is sentenced. State v. Mischler, 488 So.2d 523 (Fla. 1986).
While in Merckle, we are able, and we believe required by the circumstances in regard to then Judge Merckle, to distinguish Mischler, we are unable to find those same distinguishing factors in regard to appellant Hope. Mr. Hope was a private citizen with no more duty, responsibility or obligation to the public than any other private citizen. This is in great contrast to the duties, responsibilities and obligations of then Judge Merckle as not only a sitting circuit judge but the chief judge of his circuit. The legislature has not chosen to differentiate regarding the degree of punishment that pertains to an act of bribery depending upon the status or office held by the official being bribed. Neither is it a proper reason for departure to equate the sentence of the one bribing with the sentence of the one being bribed. State v. Huggins, 502 So.2d 482 (Fla.2d DCA 1987); McCarthy v. State, 492 So.2d 462 (Fla. 5th DCA 1986); Allen v. State, 476 So.2d 309 (Fla.2d DCA 1985); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985).
Because we conclude that the trial judge's reasons for departure as they pertain to appellant Hope were not clear and convincing, we affirm appellant's convictions but remand for imposition of sentences within the recommended guidelines.
We do, however, certify to the Florida Supreme Court the following question as one of great public importance:
WHETHER THE COMMISSION OF THE OFFENSE OF OFFERING A BRIBE TO A SITTING CIRCUIT JUDGE TO INFLUENCE HIS FAVORABLE TREATMENT OF A DEFENDANT IN A CRIMINAL PROCEEDING PENDING BEFORE THE JUDGE IS, IN AND OF ITSELF, A CLEAR AND CONVINCING REASON FOR DEPARTURE FROM THE RECOMMENDED GUIDELINES SENTENCE IN SENTENCING THE PERSON OFFERING THE BRIBE?
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.