508 So.2d 427 (1987)
Howard L. GARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2398.
District Court of Appeal of Florida, Second District.
May 15, 1987.
*428 John T. Allen, Jr. and Jill A. Conlon, and Neil E. Polster of John T. Allen, Jr., P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, William A. Taylor and Gary O. Welch, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Defendant Howard L. Garrett was convicted after a jury trial of the offenses of bribery, a violation of section 838.015(1), Florida Statutes (1981), and receiving unlawful compensation, a violation of section 838.016(2), Florida Statutes (1981). On appeal he raises eleven points directed to his convictions and sentence. We agree with Garrett that the evidence is legally insufficient to establish that he was guilty of the offenses for which he was convicted. We hold, therefore, that the court erred in denying his motion for judgment of acquittal. In view of our decision, we find it unnecessary to discuss the other points Garrett raises.
In July 1985 Garrett, Richard Hope, and Arden M. Merckle were indicted for various offenses against the administration of justice. After Garrett's pretrial motions for severance were denied, defendants Merckle, Hope, and Garrett were tried together before a jury in August and September 1985. The jury found each guilty as charged, and the trial court entered convictions and sentences. In opinions issued on this date, we have affirmed the convictions and with one exception affirmed the sentence of Arden M. Merckle, and we have affirmed the convictions but remanded the sentence of Richard P. Hope. Merckle v. State, No. 85-2419 (Fla. 2d DCA May 15, 1987); Hope v. State, 508 So.2d 425 (Fla. 2d DCA 1987).
The evidence presented at the trial disclosed that Garrett was a practicing attorney in Hillsborough County where Merckle was the chief circuit court judge. The charges for which Garrett was convicted arose out of his alleged actions in a criminal case against David Hope pending in the circuit court in Hillsborough County. David Hope, who for many years worked for his uncle, Richard P. Hope, had been arrested on December 16, 1981, on a series of charges of possession and sale of illegal drugs. Hope was also charged with grand theft auto.
David Hope's case was assigned to the Honorable Harry Lee Coe, a circuit judge in Hillsborough County who regularly handled criminal cases. It was scheduled to be disposed of on August 23, 1982, the day after Judge Coe was to return from his vacation. David Hope admitted knowing that Judge Coe had a reputation for imposing very substantial sentences. Therefore, he wanted his attorney to arrange for him to enter a plea of guilty while Judge Coe was on vacation.
Thomas Hanlon was David Hope's attorney. Hanlon had been informed that no one was handling Judge Coe's docket during his vacation; however, on August 4, 1982, Attorney Hanlon happened to see then Judge Merckle in the parking lot of the courthouse annex. After a discussion of various matters, the question came up as to who was handling Judge Coe's docket during his absence. When Merckle stated that he was going to cover for Judge Coe during his absence, Hanlon asked Merckle if he would add the David Hope case to the docket. Merckle agreed and suggested *429 that the plea could be taken at 2:00 p.m. that afternoon if the state were available. At the hearing the prosecutor requested the court to impose a five-year prison sentence. Merckle, however, sentenced David Hope to seven years' probation, imposed a $5,000 fine and withheld adjudication of the charges against him.
Joe Morse, a dissatisfied former client of Garrett's who worked for Richard Hope, testified for the state. Morse said that at some unspecified time, while the charges against David Hope were pending, he had paid a visit to Garrett's law office, and Garrett had mentioned that he could fix the case for $25,000. However, on cross examination, Morse admitted that Garrett did not actually use the word "fix" but instead said that he could "handle" the case for $25,000. Morse said he relayed Garrett's statement to either Richard Hope or his son. Morse also testified that on the day of the sentencing he saw Garrett in the courthouse hall and that Garrett and David Hope were close enough to have seen one another. That testimony was in conflict with that of Caesar Rodriquez who was with David Hope on that day. Moreover, Hanlon testified that he never talked to Garrett about the case and to the best of his knowledge Garrett had no involvement in the case.
David Hope testified that his uncle, Richard Hope, had told him that he had worked it down to where David would receive probation and a $5,000 fine. On the evening of August 4, 1982, (the day of sentencing) while David was visiting at his uncle's home, Richard Hope said it had cost him $25,000 to get David probation and that he had to pay $10,000 cash that night to the man who was coming by. David further testified that Garrett had dropped in at Richard Hope's house on that evening, and Richard Hope introduced him as "the gentleman responsible for getting the probation". Garrett, however, testified that he did not hear the statement. On cross examination, David Hope was uncertain as to the exact words his uncle used concerning Garrett and whether the statement was made in Garrett's presence.
While Garrett did not dispute being at Richard Hope's residence on the night in question, he testified that he had been a friend of the senior Hope for several years. He denied hearing any conversation between Richard Hope and David Hope concerning David having been placed on probation. No conversation ensued that evening as to anything illegal being done to get David placed on probation. There was no direct evidence of any money being paid to Garrett or by Garrett to anyone in connection with David Hope's case and no evidence of any intervention by Garrett with codefendant Merckle or any other officer of the court, the prosecutor, or Hope's attorney.
At the close of the state's case in chief, Garrett filed a motion for judgment of acquittal arguing that there was insufficient evidence for the case to go to the jury. Garrett renewed this motion on the same basis after the close of the entire case. The trial judge denied each motion.
The offense of bribery is defined as follows:
"Bribery" means corruptly to give ... to any public servant ... any pecuniary or other benefit with an intent or purpose to influence the performance of any act or omission which the person believes to be ... within the official discretion of a public servant, in violation of a public duty, or in performance of a public duty.
Section 838.015(1), Florida Statutes (1981). Thus, for the state to convict Garrett of bribery, it was incumbent on the state to prove: (1) knowledge on the part of the accused of the official capacity of the person to whom the bribe is offered; (2) the offering of a thing of value; and (3) the intent to influence the official action of the person to whom the bribe is offered. Nell v. State, 277 So.2d 1 (Fla. 1973); Williams v. Christian, 335 So.2d 358 (Fla. 1st DCA 1976).
The unlawful compensation charge Garrett was convicted of is defined as follows:
It is unlawful for any person corruptly to give ... to any public servant ... any pecuniary or other benefit not authorized by law for the past, present, or future *430 exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.
Section 838.016(2), Florida Statutes (1981). Thus, while the elements of proof are essentially the same as in bribery, the statute defining unlawful compensation proscribes a broader range of activity.
The evidence introduced by the state in its attempt to establish Garrett's guilt was circumstantial. In reviewing the trial court's denial of Garrett's motions for judgment of acquittal, our role is to determine whether the jury might have reasonably concluded that the evidence presented to it excluded every reasonable hypothesis of innocence. Tsavaris v. State, 414 So.2d 1087 (Fla. 2d DCA 1982).
While the weight of evidence is a matter for a jury to determine, the legal sufficiency of the evidence to support a conviction is a matter of law for the court. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). There was considerable evidence presented relevant to the charges against the codefendants Hope and Merckle. Nevertheless, there were only two circumstances from which any conduct on the part of Garrett in violation of the statutes proscribing bribery and unlawful compensation could be suspect. First, Morse's statement to the effect that Garrett said he could handle a case like David Hope's for $25,000; and second, David Hope's testimony concerning the statement he said was made in the presence of Garrett at Richard Hope's home on the evening of the day David entered his plea of guilty. The first circumstance is not probative of guilt on the part of Garrett. Laying aside any possible hearsay questions, we view the statement that "this was the gentleman responsible for getting the probation" standing alone as insufficient to establish the defendant's guilt of bribery or of giving unlawful compensation. Furthermore, David Hope's testimony regarding the statement is suspect because on cross examination it became apparent, from quotations of his testimony before the grand jury some two years earlier, that he was not certain that Garrett was present when Richard Hope made the statement.
Viewing the evidence in its entirety and in a light most favorable to the state, which we must do on appellate review, the evidence was legally insufficient for the jury to have inferred that Garrett committed the offenses charged. See McArthur v. State, 351 So.2d 972 (Fla. 1977); Mayo v. State, 71 So.2d 899 (Fla. 1954); Owen v. State, 432 So.2d 579 (Fla. 2d DCA 1983).
Accordingly, we vacate the convictions and sentence and direct the trial court to discharge the defendant.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.