PER CURIAM.
Stephen Ruth appeals his convictions of multiple counts of extortion and solicitation. He raises several points on appeal, but we find merit only in his contention that the reasons given by the trial court in support of his departure sentence are invalid.
In case number 89-4339, Ruth was convicted of two counts of extortion, and in case number 90-1485, he was convicted of three counts of solicitation. Both cases were *102 scored on the same guidelines seoresheet, resulting in a permitted sentencing range of seven to seventeen years’ imprisonment. In case number 90-1485, the trial court sentenced Ruth to two concurrent seventeen-year terms of imprisonment, to be followed by a five-year term of probation. In ease number 89-4389, the trial court departed from the permitted range and sentenced Ruth to two consecutive fifteen-year terms of imprisonment, to be served concurrently with the terms in case number 90-1485.
In support of this departure, the trial court entered an order containing the following reason:
The Defendant, while awaiting sentence on several criminal charges, advised his attorney to see that the trial judge understood that if he received a sever [sic] sentence the judge’s family and then the judge would be killed. The Defendant pointed out that he had contacts in the criminal world and that he had the capacity to carry out the threats. It should be noted that the pending charges had to do with controlled substances. This is what the Court would characterize as the ‘Columbian Approach’ to manipulating the judiciary.
The ability of judicial officers sitting on criminal cases to perform their duties free of fear of reprisal is fundamental to the foundation of the criminal justice system. Because of this basic public need to have its judicial institution free of such harassment, this Court departs irom the artificial impact of the sentencing guidelines formula.
This reason is analogous to that used by the trial court in Hope v. State, 508 So.2d 425 (Fla. 2d DCA 1987), approved, State v. Hope, 529 So.2d 275 (Fla.1988), to support a departure sentence for a bribery conviction. That reason was summarized by this court as follows: “[T]he defendant orchestrated and participated in a scheme highly destructive of the criminal justice system by securing the services of an attorney to accomplish the bribe of a circuit judge.” 508 So.2d at 426-427. Citing State v. Mischler, 488 So.2d 523 (Fla.1986), for the proposition that the inherent components of a crime cannot be used as a basis for a departure sentence for that crime, this court held that this reason for departure was not clear and convincing.
As did the reason for departure in Hope, the reason for departure in this case clearly relies on the inherent components of the offense of extortion. It is therefore an improper reason for departure. Mischler, 488 So.2d 523.
Accordingly, we affirm Ruth’s convictions but reverse his sentences for the two counts of extortion in case number 89-4339 and remand for resentencing within the guidelines.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL and LAZZARA, JJ., concur.