SHAHOOD, Judge.
This case involved appellant’s, Marwan Abouraad, extortion of money from the victim, Dr. Friedman, over an approximately two-year period. Abouraad videotaped Dr. Friedman smoking an unknown substance through a pipe and threatened to give the tape to the hospital where Dr. Friedman worked if he did not pay Abouraad. A jury found Abouraad guilty of extortion and the court entered judgment accordingly.
We find no error in any of the trial court’s evidentiary rulings or its denial of Abou-raad’s motions for mistrial, and thus affirm the conviction. We do, however, find error in the trial court’s entering a departure sentence based on Abouraad’s escalating pattern of criminal behavior, emotional and psychological trauma suffered by the victim, and the “callous and cruel treatment of the victim.” Considering the facts of this case, we find that these departure reasons are invalid, and remand to the trial court for resentencing within the guidelines.
At the sentencing hearing, Dr. Friedman testified that he had been terrorized by Abouraad for two and a half years. According to Dr. Friedman, Abouraad threatened to “come get the Friedmans and kill their child” when he gets out of jail. Both Dr. Friedman and his wife testified about harassing telephone calls from Abouraad, who threatened to kill the Friedmans’ daughter and “put her six foot underground,” and from Abouraad’s brother, Naji, who said.that he is dying of cancer, does not have anything to lose, and would kill everyone involved in the case if necessary. Although Abouraad’s sentencing guidelines scoresheet reflected a permitted sentence ranging from any nonstate prison sanction to three and one half years’ incarceration, the trial court sentenced him to twelve years in prison followed by three years on probation. For the reasons discussed below, we find that the departure sentence was an abuse of the trial court’s discretion.
We agree with Abouraad that victim trauma and “callous and cruel treatment of the victim” amount to the same thing and that, in this case, neither justifies a sentencing departure. In State v. Rousseau, 509 So.2d 281 (Fla.1987), the supreme court rejected a sentencing departure based on emotional trauma to the victim who was burglarized in his home. In so doing, the court established the following guidelines:
*1321 When the victim’s trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma, it may constitute a clear and convincing reason for departure. We point out, however, that almost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure.
Id. at 284; see also Ruth v. State, 644 So.2d 101 (Fla. 2d DCA 1994)(in extortion case, departure based on defendant’s threats to kill sentencing judge if defendant received a severe sentence was invalid since threats are inherent in the crime of extortion). Under the Rousseau rationale, then, trauma to the victim is not a valid departure reason in the present case, in spite of the Friedmans’ testimony, since there was no evidence that the Friedmans suffered any trauma beyond that inherent in the crime of extortion, or experienced any discernible physical manifestation resulting from the trauma.
We likewise reject as invalid under the circumstances in this ease departure based on an escalating pattern of criminal behavior. Section 921.001(8), Florida Statutes (1993), provides for imposition of a sentence outside the sentencing guidelines where the facts indicate “an escalating pattern of criminal conduct.” Under the statute, an escalating pattern “may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.” § 921.001(8), Fla.Stat. (1993). The supreme court has further defined “escalating pattern of criminal conduct” as follows:
Section 921.001(8) also provides that this escalating pattern may be evidenced by a “progression from nonviolent to violent crimes or a progression of increasingly violent crimes.” However, this Court has construed this provision as not necessarily requiring a violent progression. Departure is permissible when “the defendant has shown a pattern of engaging in increasingly serious criminal activity.’ Williams v. State, 581 So.2d 144, 146 (Fla.1991). Consequently, the “escalating pattern” recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, “increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.
Barfield v. State, 594 So.2d 259, 261 (Fla.1992). “If the offenses meet the definition of ‘escalating,’ then the ‘pattern’ requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses.” State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995). Criminal activity already included on the defendant’s scoresheet, however, may not be considered a second time for departure reasons. Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985).
In the case sub judice, the record shows that Abouraad’s criminal history began in 1982 with a charge of assault and criminal possession of a firearm, which resulted in a bench warrant being issued; however, no disposition is indicated on the presentencing report. The report then shows several nonviolent crimes which were either dismissed, nolle prossed, or their disposition is unknown. The only conviction preceding this 1994 extortion conviction being reviewed was in 1992 when Abouraad received three years’ probation for possession of cocaine and possession of a firearm during the commission of a felony. We hold that this record does not indicate an escalating pattern of criminal conduct under the guidelines set forth by the supreme court in the above cases.
Thus, although we affirm Abouraad’s conviction, we are compelled to reverse and remand for resentencing within the guidelines since none of the trial court’s reasons war *1322 rants departure in this case. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
PARIENTE and STEVENSON, JJ., concur.