PADOVANO, Judge.
In this appeal the defendant challenges the sufficiency of the evidence supporting his conviction for bribery. We agree with the trial court that the evidence was sufficient to establish the essential elements of bribery and therefore we affirm.
The defendant, Corey Michael Donnelly, had been engaged in the roofing business in Broward County. He came to Bay County looking for work in the aftermath of Hurricane Opal and eventually he made an agreement with a property owner to repair a damaged building in Panama City Beach. The construction work was underway on October 18, 1995, when a building inspector noticed that there was no building permit posted at the jobsite. The defendant admitted that he had not obtained a permit, which prompted the inspector to issue a stop work order. As the inspector and his assistant were leaving the jobsite, the defendant leaned into the window of their truck and said, “why don’t I just pay you guys and we will forget about this?” Then, the defendant said, “how much would it take just to go on and leave me alone, forget about this, let me do my work?” The defendant explained to the inspector and his assistant that where he came from it was a common practice for building inspectors to accept payment to overlook the requirements of the building code. The inspector reported the incident, and the defendant was charged with bribery.
A conviction for bribery must be supported by evidence of the following three elements: (1) knowledge on the part of the accused of the official capacity of the person to whom the bribe is offered, (2) the offering of a thing of value, and (3) an intent to influence official action by the person to whom the bribe is offered. Nell v. State, 277 So.2d 1 (Fla.1973); Garrett v. State, 508 So.2d 427 (Fla. 2d DCA 1987); Williams v. Christian, 335 So.2d 358 (Fla. 1st DCA 1976). These elements were proven in the present case. The defendant offered something of value to a person known to be a public official, and the offer was made for the stated purpose of influencing the official in the performance of his duty.
The defendant argues that the evidence was insufficient because the state failed to prove that he committed a criminal act in furtherance of the alleged intent to bribe. This argument must fail, however, because the bribery statute does not require the commission of an act apart from the offer to make a bribe. Section 838.015, Florida Statutes, makes no distinction between a bribe and an offer to make a bribe.[1] According to the statute, the crime of bribery is complete when the offer is made to a public official. The prosecution need not prove that the defendant attempted to carry out the offer.
The defendant’s offer to pay the building inspector does not fall short of a bribery merely because he did not state the amount of the proposed bribe. As the court explained in Troupe v. State, 130 So.2d 91 (Fla. 2d DCA 1961), an offer to pay a public official an unspecified amount of money is, nonetheless, an offer to bribe the official. The question “what would it take” accompanied by an explanation that other building inspectors have taken money to overlook code requirements is an offer to pay something of value. Jurors could reasonably infer from this evidence that the defendant was offering a bribe.
In summary, we hold that the evidence is sufficient to 'support the defendant’s conviction for bribery.
Affirmed.
MINER and ALLEN, JJ., concur.

. Modern bribery statutes commonly treat attempted bribery the same as bribery. See Charles E. Torera, Wharton's Criminal Law 15th Ed. § 649. (1996). Like many other bribery statutes, section 838.015, Florida Statutes, includes an offer to make a bribe within the definition of bribery.