WHATLEY, Judge.
The State appeals the trial court’s order granting judgment of acquittal in favor of Katrina Brooks on the charge of child neglect. We reverse.
Brooks was charged with aggravated manslaughter of a child in count one and neglect of a child involving great bodily harm, permanent disability, or permanent disfigurement in count two based on the drowning death of her nine-month-old son. Brooks placed her son and her two-year-old daughter in the bathtub with the water running. She left the bathroom and went into the living room where her aunt was, intending to return within the minute. She did not normally leave the children alone in the bathtub because she knew of the potential for drowning. However, she and her aunt began talking and she lost track of time; she did not hear the water running or any noises from the children. She had not considered whether she could hear the children from the living room because she planned on returning to the bathroom immediately. Sometime between fifteen and forty minutes later, Brooks’ aunt got up to leave and Brooks walked toward the kitchen. She saw water just outside the bathroom doorway and ran into the bathroom, where she found her children in the overflowing tub. Her son was blue and face down in the water. She ran with him to a neighbor’s home next door to use the phone, trying to do CPR on the way, to no avail.
The jury found Brooks not guilty of the manslaughter charge of count one and guilty of the lesser-included offense of count two of neglect of a child in violation of section 827.03(3)(c), Florida Statutes (2007). The trial court denied Brooks’ motion for judgment of acquittal made during trial but granted her renewed motion filed after the jury rendered its verdict. See Fla. R.Crim. P. 3.380(c).
Section 827.03(3)(c) provides that it is a third-degree felony to willfully or by culpable negligence neglect a child. In its order acquitting Brooks of neglect of a child, the trial court ruled that the evidence did not establish that Brooks neglected her child in either manner.
In this appeal, the State argues that the trial court’s order is erroneous because substantial, competent evidence supported the jury’s verdict. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (“If *1263 the evidence is legally sufficient to support the elements of the alleged crime, the trial court has no discretion to acquit the defendant by taking the case from the jury.”). More specifically, the State asserts that the evidence supported a finding that Brooks was culpably negligent.
This court has defined culpable negligence as “consciously doing an act which a reasonable person would know is likely to result in death or great bodily harm to another person, even though done without any intent to injure anyone but with utter disregard for the safety of another.” Azima v. State, 480 So.2d 184, 186 (Fla. 2d DCA 1985) (citing Tsavaris v. State, 414 So.2d 1087, 1088 (Fla. 2d DCA 1982)). The degree of culpable negligence necessary to sustain a conviction was set forth in State v. Greene, 348 So.2d 3[, 4] (Fla.1977):
This Court is committed to the rule that the degree of negligence required to sustain imprisonment should be at least as high as that required for the imposition of punitive damages in a civil action. The burden of proof authorizing a recovery of exemplary or punitive damages by a plaintiff for negligence must show a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.
Arnold v. State, 755 So.2d 796, 798 (Fla. 2d DCA 2000); see also Leet v. State, 595 So.2d 959, 964 n. 3 (Fla. 2d DCA 1991) (“Culpable negligence is not a common law theory of criminal intent. It is an objective standard.”).
The trial court correctly identified the sufficiency of the evidence of culpable negligence to send the issue to the jury when it denied the motion for judgment of acquittal made during trial. After noting that it had come across Arnold in researching the issue, the court stated:
The most pertinent issue in the facts in this case are [sic] that the length of time certainly becomes — the length of time that the infant is left alone certainly becomes more important because of the tender age of this victim, that is nine months old. Being completely unable to fend for himself in any way, shape or form. And certainly the two-year-old could not be expected to do that.
So again, the question is[,] is her degree of negligence, quote, culpable negligence, quote, as a matter of law? And again, the most determinative factor in my answering this question is the age of that particular' — of the young child that died.
At his juncture, I’m going to respectfully deny the motion for JOA because whether her degree of negligence rises to culpable negligence I think is first a question of fact for this jury to determine.
Because the evidence was legally adequate to support the charge of child neglect by culpable negligence, the trial court erred in granting Brooks’ motion for judgment of acquittal. Accordingly, we reverse and remand with directions that Brooks’ conviction for child neglect be reinstated.
Reversed and remanded with directions.
ALTENBERND and YILLANTI, JJ., Concur.