THOMAS, J.,
concurs with opinion.
I concur with Judge Roberts’ opinion in this tragic criminal case involving the deaths of two very young children, aged six and three. Whether we might have reached a different verdict is certainly understandable, given the evidence described in the dissenting opinion, but this is not dispositive under the controlling law. Our standard of review requires us to review the evidence under the following rule: “In moving for a judgment of acquittal, a defendant ‘admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.’ ” Beasley v. State, 774 So.2d 649, 657 (Fla.2000) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)). By this standard, .the State’s evidence was sufficient to present the case to the jury to decide whether Appellant’s conduct of leaving her children unattended constituted culpable negligence.
The case of State v. Brooks, 17 So.3d 1261 (Fla. 2d DCA 2009), is persuasive and comparable to the facts here. There, the Second District correctly held that leaving an infant, who drowned, and his two-year-old sibling in a bathtub with running water, was sufficient evidence of child neglect, based on culpable negligence for the offense of leaving the two-year-old child unattended. The differences in age and maturity between Appellant’s children and the children in Brooks are not significant enough, in my view, to hold that Appellant’s conduct cannot be submitted to a jury, as a matter of law. Had Appellant’s children been older, my view might be different as to whether the evidence was sufficient to withstand a motion for judgment of acquittal.
Furthermore, although the State presented evidence that Appellant said she called her husband on her cell phone when she left for work and he told her he would be home shortly, this cannot establish a lack of culpable negligence as a matter of law, especially where the State presented evidence that this phone call never actually occurred. Under Lynch, a jury could reasonably infer that Appellant did not call her husband when she left the children unattended, or the jury could reasonably conclude she did place the call.
In addition, there was no evidence that Appellant attempted to confirm that her husband arrived home within a reasonable time to supervise the young children. In fact, two hours after she had left them, Appellant discovered that the children remained unsupervised, yet still failed to immediately go home to verify their safety.
Thus, while I could certainly agree that Appellant might not reasonably foresee that her children would die in a tragic and unexpected accident, her conduct of leaving her young children unattended for several hours was likely to result in serious *249 injury to the children, which is all that the State was required to present to the jury. See Burns v. State, 132 So.3d 1238, 1240 (Fla. 1st DCA 2014). Appellant’s conduct created a “ ‘reasonably expected’ potential for the child to suffer, at a minimum, serious injury.” Id. at 1241 (quoting Arnold v. State, 755 So.2d 796, 798 (Fla. 2d DCA 2000)). Although this court reversed the conviction in Bums, it correctly recognized that the State is required to present evidence establishing that Appellant’s conduct was “ ‘gross and flagrant ... negligence ... committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.’ ” Id. at 1240 (quoting Fla. Std. Jury Instr. (Crim.) 16.5). In Bums, the only evidence established was that the defendant had a child call the child’s mother within ten minutes, rather than calling 911; this court found this insufficient as a matter of law to support a conviction of child neglect without causing great bodily harm.
Here, by contrast, the evidence, and its reasonable inferences, established that Appellant left her two young children unattended for several hours, and a witness observed the children playing on a ladder in the back yard, which Appellant knew or should have known was occurring. Such conduct, in my view, can support a conviction for aggravated manslaughter based on child neglect. Under section 827.03(l)(e)l., Florida Statutes (2010), Appellant failed to “provide a child with the ... supervision ... necessary to maintain the child’s physical ... health .... ” Such child neglect was the result of Appellant “willfully or by culpable negligence neglecting] a child.” § 827.03(2)(b), Fla. Stat. (2010). It was not necessary that the State present evidence establishing that Appellant should have known that the children might die in a terrible accident; it was only incumbent on the State to present competent evidence that Appellant committed acts of child neglect that were gross and flagrant, such that it could be said that Appellant’s conduct could be “reasonably expected” to result in the children suffering great bodily harm or serious injury.
The State’s evidence met this test. Acknowledging that reasonable people may disagree with the jury’s verdict, the Florida Supreme Court has repeatedly held that a trial court’s order denying a motion for judgment of acquittal will not be reversed if there is competent, substantial evidence to support the verdict. Chamberlain v. State, 881 So.2d 1087, 1104-05 (Fla.2004). In Chamberlain, the court cited Lynch, holding that “[t]he courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion ... the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge.” Id. at 1104 (citing Darling v. State, 808 So.2d 145, 155 (Fla.2002) (quoting Lynch, 293 So.2d at 44-45)) (emphasis added).
Here, while there may have been room for a “difference of opinion” as to whether Appellant’s conduct constituted culpable negligence, the trial court did not reversibly err in submitting the case to the jury for its ultimate conclusion. Thus, I concur in Judge Roberts’ opinion affirming the trial court’s ruling denying Appellant’s motion for judgment of acquittal.