PER CURIAM.
At the request of the Dade County Commission on Status of Women, the Court formed a committee to study the status of judges’ spouses in political activities. Justice James C. Adkins served as Chairman of the Committee. The members are: Judge Tyrie A. Boyer, First District Court of Appeal; Judge Edward F. Boardman, Second District Court of Appeal; Circuit Judge Rhea P. Grossman, Member of the Executive Committee of Florida Conference of Circuit Judges; Dr. Freddie Groomes, Assistant to the President, Florida State University and Member of the Governor’s Commission on the Status of Women; and Mr. Stephen D. Busey, Jacksonville, Florida, who was selected by The Florida Bar. The Committee communicated with more than twenty judges’ spouses and prepared the attached changes in the Code of Judicial Conduct. The proposal was submitted to and approved by the Executive Committee *585 of the Florida Conference of Circuit Judges, who determined that the proposal was “in the best interest of the administration of justice and more consistent than the present Canons with the First Amendment to the Constitution of the United States.” The proposal was also submitted to and approved by the Florida Conference of County Judges and the Board of Governors of The Florida Bar.
The attached amendments and additions to the Code of Judicial Conduct, Canons 2B, 3C(2), 5C(4) and adding 5C(5) and renumbering in sequence the balance of Canon 5, amending Canon 7B(l)(a), and adding a Commentary after Canon 7, are adopted by the Court to be effective upon the filing of this order.
It is so ordered.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCH-ETT, JJ., concur.
CODE OF JUDICIAL CONDUCT
Canon 2
B. A judge should not allow his personal relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or authorize others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
Canon 3
C(2) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the social and personal financial interests of his spouse and minor children residing in his household such as would require him to disqualify himself under the provisions of this Canon.
Canon 5
C(4) A judge should not accept a gift, bequest, favor, or loan from anyone except as follows:
(a) a judge may accept a gift incident to a public testimonial to him; books supplied by publishers on a complimentary basis for official use; or an invitation to the judge and his spouse to attend a bar-related function or activity devoted to the improvement of the law, the legal system, or the administration of justice;
(b) a judge may accept ordinary social hospitality; a gift, bequest, favor, or loan from a relative; a wedding or engagement gift; a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges; or a scholarship or fellowship awarded on the same terms applied to other applicants;
(c) a judge may accept any other gift, bequest, favor, or loan only if the donor is a relative or is not a party or other person whose interests have recently come or may likely come before him, in the immediate future, and, if its value exceeds $100, the judge reports it in the same manner as he reports compensation in Canon 6.
(5) A judge should make a reasonable effort to inform himself about the personal financial interests of members of his family residing in his household and shall report any gift, bequest, favor, or loan received thereby of which he has knowledge and which tends to reflect adversely on his impartiality, in the same manner as he reports compensation in Canon 6.
(6) For the purposes of this section “member of his family residing in his household” means any relative of a judge by blood or marriage, or a person treated by a judge as a member of his family, who resides in his household.
(7) A judge is not required by this Code to disclose his income, debts, or investments, except as provided in this Canon and Canons 3 and 6.
(8) Information acquired by a judge in his judicial capacity should not be used or disclosed by him in financial dealings or for any other purpose not related to his judicial duties.
*586 Canon 7
B(l) A candidate, including an incumbent judge, for a judicial office that is filled either by public election between competing candidates or on the basis of a merit system election:
(a) should maintain the dignity appropriate to judicial office;
Commentary (To appear after Canon 7)
Any political activity engaged in by members of a judge's family should be conducted in the name of the individual family member, entirely independent of the judge and without reference to the judge or to his office.