478 So.2d 475 (1985)
STATE of Florida, Appellant/Cross-Appellee,
v.
James K. GIBRON, Appellee/Cross-Appellant.
No. 84-2806.
District Court of Appeal of Florida, Second District.
November 13, 1985.
*476 Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellant/cross-appellee.
Sondra Goldenfarb, Clearwater, and Joseph G. Donahey, Jr. of Tanney, Forde, Donahey & Eno, P.A., Clearwater, for appellee/cross-appellant.
OTT, Judge.
The state appeals the failure of the trial court to enter an adjudication of guilt. The defendant cross-appeals his sentencing as an adult. We vacate the sentence as illegal and remand for resentencing.
Defendant was involved in an automobile accident which resulted in a single death. Defendant was seventeen years old when the accident occurred, making him eligible for treatment as a juvenile under the dictates of Chapter 39, Florida Statutes (1983). An information was filed charging defendant with DUI manslaughter and manslaughter culpable negligence, causing defendant to be treated as an adult, pursuant to section 39.04(2)(e)(4).
Defendant pled nolo contendere as charged. The trial court withheld adjudication and sentenced defendant to ten years' probation, the first two years to be served in a community control program, stating that he was sentencing defendant as an "adult." The trial court failed to enter a written order as required by section 39.111 reciting the reasons for the decision to impose adult sanctions. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984). Upon agreement of the parties, this court relinquished jurisdiction for that purpose, and the court subsequently rendered a written order on April 12, 1985.
We hold that the trial court's order of April 12, 1985, satisfies the requirements of section 39.111. The order clearly rejected sentencing defendant as a juvenile. The court's reasons for imposing adult sanctions were included in the order. The record and the order show that the court's decision to sentence defendant as an adult was made by reference to the six criteria appearing in section 39.111(6)(c). Appellant had no previous record and his history was good. The failure to specifically refer to one or more of the six areas of consideration is not fatal to the trial court's conclusion that its findings on the remainder warranted treatment as an adult. The trial court did not abuse its discretion in failing to treat defendant as a juvenile.
The state argues that the trial court ignored the dictates of section 316.656(1), Florida Statutes (1983), which prohibits the court from withholding adjudication of guilt for manslaughter resulting from the operation of a motor vehicle. Defendant urges that the court did not err in withholding adjudication because it intended to sentence defendant pursuant to the Florida Youthful Offender Act, Chapter 958, Florida Statutes (1983).
Section 958.05 provides sentencing alternatives to other criminal penalties authorized by law if the court classifies a person a youthful offender. These alternatives include withholding adjudication of guilt, a maximum of four years' imprisonment, and service of not more than two years in a community control program. These alternatives are the exclusive penalties available when a person is classified a youthful offender. Consequently, if the court had so classified defendant in this case, section 316.656(1) would be inapplicable. Cf. Patterson v. State, 408 So.2d 785 (Fla. 2d DCA 1982) (defendant sentenced under Youthful Offender Act cannot be given minimum mandatory sentence for possession of firearm).
Sentencing under the Youthful Offender Act is discretionary. See Bell v. State, 429 So.2d 403 (Fla. 1st DCA 1983). While it may be said that defendant meets the threshold requirements of section 958.04(1) for classification as a youthful offender, the fact remains the court made no such finding. There is no statement that defendant was being sentenced as a youthful offender and the trial court made no mention of Chapter 958 or its provisions.
The court clearly announced its intention to treat defendant as an "adult," but Chapter *477 958 is an "adult" sanction. § 958.04(1)(a), Fla. Stat. (1983). Defendant's sentence of ten years' probation is not one authorized under the Youthful Offender Act and would be an illegal sentence if sentence was intended thereunder. At the same time, the trial court had no authority to withhold adjudication of guilt if it intended to sentence defendant outside of Chapter 958. The withholding of adjudication together with the imposition of two years in community control would be consistent with a youthful offender sentence.
Since the sentence, as imposed, is illegal whether or not under Chapter 958, we vacate defendant's sentence and remand for resentencing. Section 316.656(1) requires an adjudication of guilt if defendant is not classified a youthful offender.
Finally, in light of the Florida Supreme Court's recent pronouncement in Houser v. State, 474 So.2d 1193 (Fla. 1985), we point out that defendant cannot be convicted of and sentenced for both charges since he caused only one death.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
SCHEB, A.C.J., and HALL, J., concur.