RYDER, Acting Chief Judge.
Michael Kraus appeals the summary denial of his motion for post-conviction relief. We reverse.
In 1984, Kraus pleaded guilty to a four-count information and received a prison sentence totaling ten years. Among the charges were manslaughter by intoxicated driver, section 316.1931(2), Florida Statutes (1983), and manslaughter by culpable negligence, section 782.07, Florida Statutes (1983). In his motion Kraus alleged that the two counts of manslaughter stemmed from a single death, and thus that multiple convictions and sentences are impermissible. If these allegations are true, Kraus is entitled to relief. Houser v. State, 474 So.2d 1193 (Fla.1985). State v. Gibron, 478 So.2d 475 (Fla. 2d DCA 1985). Despite Kraus’ plea (entered prior to the Houser and Gibron decisions), which was not appealed, this double jeopardy argument may properly be raised via a motion for post-conviction relief. Cantrell v. State, 405 So.2d 986 (Fla. 1st DCA 1981), rev’d, on other grounds, 417 So.2d 260 (Fla.1982).
We remand this case to the trial court for further proceedings consistent with this opinion. If the trial court finds that Kraus’ allegations are true, it should vacate the conviction and sentence for one of the two manslaughter charges. Since the sentence imposed in this case appears to have been imposed under the guidelines, the trial court also should determine whether resen-tencing on the remaining charge is appropriate. If, on the other hand, the trial court again denies the motion it should support its denial with sufficient portions of the record to demonstrate that Kraus is not entitled to the relief he seeks. Any party aggrieved by the subsequent actions of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
SCHOONOVER and HALL, JJ., concur.