PER CURIAM.
Defendant appeals from the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We affirm in part, reverse in part, and remand for further proceedings.
In his motion, defendant alleged that he was denied effective assistance of counsel *1080 by reason of counsel’s failure to object to defendant’s conviction and sentence in Pi-nellas County in this case for grand theft of an automobile after defendant had been convicted in another case in Hillsborough County for the same offense arising from the same facts. It was alleged that counsel’s failure to object or raise this issue resulted in defendant being placed in double jeopardy for the same offense. If these allegations are true, the defendant may be entitled to relief. See Kraus v. State, 491 So.2d 1278 (Fla. 2d DCA 1986). The trial court erred in finding defendant’s claim to be without merit on the basis that “each offense occurred in a different venue.” Section 910.11(2), Florida Statutes (1985), provides: “When a person may be tried for an offense in two or more counties, a conviction or acquittal in one county shall be a bar to prosecution for the same offense in another county.”
We reverse the foregoing part of the trial court’s order and remand for further proceedings consistent with rule 3.850. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review. Defendant’s remaining allegation is without merit.
Affirmed in part, reversed in part, and remanded for further proceedings.
DANAHY, C.J., LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.