520 So.2d 639 (1988)
Kenneth Jerome HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-211.
District Court of Appeal of Florida, First District.
February 16, 1988.
Kenneth Jerome Harris, pro se, for appellant.
No appearance for appellee.
BARFIELD, Judge.
Appellant was convicted in October, 1984 of armed robbery and of possession of a firearm during the commission of a felony. At that time, the Florida Supreme Court had held in Gibson v. State, 452 So.2d 553 (Fla. 1984), that one could be convicted of both crimes when based on the same criminal act. Appellant's convictions were affirmed by this court. Harris v. State, 489 So.2d 838 (Fla. 1st DCA 1986). Appellant filed the instant motion for post-conviction relief, contending in part that it was error to convict him of both crimes. Subsequent to the trial court's denial of relief and the filing of this appeal, the supreme court overrule Gibson, supra. Hall v. State, 517 So.2d 678 (Fla. 1988). The court now holds that the legislature did not intend dual punishment for a single criminal act of displaying a firearm and of carrying a firearm while committing a robbery.
The issue now becomes whether appellant is entitled to post-conviction relief based on this change in the extant law as reflected in Hall. Generally, issues which could be raised on direct appeal may not be raised in a motion for post-conviction relief. However, the Florida Supreme Court has held that an illegal sentence may be attacked through a motion for post-conviction relief. Bass v. State, 12 FLW 289 (Fla. June 11, 1987) (motion for rehearing pending). In Bass, the appellant raised, in his third Rule 3.850 motion, the issue of consecutive minimum-mandatory sentences he received for convictions of armed robbery, armed burglary and aggravated battery. Subsequent to Bass's conviction, the supreme court in Palmer v. State, 438 So.2d 1 (Fla. 1983), held that such stacking of sentences was erroneous. The Bass court held that Palmer did not represent a change in the substantive law. Rather, Palmer was the first interpretation of the statute by the supreme court and corrected errors in the imposition of the statute created by previous decisions of the district courts of appeal. Thus, Bass's failure to raise the issue in his direct appeal or in his previous motions for post-conviction relief did not *640 foreclose him from raising it in his third 3.850 motion, as the supreme court had not previously ruled on the issue.[1]
Unlike the situation in Palmer, the supreme court had ruled at the time of Harris's conviction that such dual convictions were proper. In Hall, at 679, the court has changed the substantive law as it relates to convictions both for armed robbery under section 812.13, Florida Statutes, and for possession of a firearm during the commission of a felony under section 790.02, arising out of the same criminal act. We do not discern anything in Hall, at 679, that would make that decision apply retroactively or provide that such dual convictions now constitute fundamental error under the reasoning in Witt v. State, 387 So.2d 922 (Fla.) cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed. 612 (1980). Appellant's sentence was not illegal when imposed, as construed under Bass, as the supreme court had already decided such dual convictions were permissible in Gibson, 452 So.2d at 553. We therefore find that appellant is not entitled to post-conviction relief on this ground and AFFIRM the denial of the motion. However, we certify the following question as being of great public importance:
UNDER THE REASONING OF BASS v. STATE, 12 FLW 289 (FLA. JUNE 11, 1987), IS APPELLANT ENTITLED TO POST-CONVICTION RELIEF ON THE BASIS THAT HIS CONVICTION, ALTHOUGH VALID UNDER EXTANT LAW AS ANNOUNCED BY THE SUPREME COURT AT THE TIME OF CONVICTION AND APPEAL, WOULD BE INVALID UNDER A SUBSEQUENTLY ISSUED SUPREME COURT DECISION ENUNCIATING A DIFFERENT CONSTRUCTION OF THE STATUTE, THEREBY CHANGING THE EXTANT LAW?
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] In Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), review pending, No. 71,708 (Fla. filed Sept. 2, 1987) (involving a different defendant than in the supreme court's recent Hall decision), this court applied the reasoning in Bass. Hall's departure sentence based on his habitual offender status had been affirmed prior to the supreme court's decision in Whitehead v. State, 498 So.2d 863 (Fla. 1987), holding that an invalid departure reason. Hall then raised that issue in seeking post-conviction relief. Under the reasoning of Bass that the sentence was illegal based on Whitehead, Hall could assert the issue of his invalid departure sentence via a collateral attack. This Court also certified to the supreme court a question of great public importance as to whether a collateral attack could be brought against a departure reason held valid by the appellate court but subsequently held invalid by the supreme court.