529 So.2d 275 (1988)
STATE of Florida, Petitioner,
v.
Richard P. HOPE, Respondent.
No. 70646.
Supreme Court of Florida.
June 9, 1988.
Robert A. Butterworth, Atty. Gen. and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for petitioner.
Joel Hirschhorn and Andrew Cotzin of Joel Hirschhorn, P.A., Miami, for respondent.
PER CURIAM.
We have for review Hope v. State, 508 So.2d 425, 427 (Fla. 2d DCA 1987), in which the district court certified the following question as being of great public importance:
Whether the commission of the offense of offering a bribe to a sitting circuit judge to influence his favorable treatment of a defendant in a criminal proceeding pending before the judge is, in and of itself, a clear and convincing reason for departure from the recommended guidelines sentence in sentencing the person offering the bribe?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the district court's decision.
Hope bribed Arden Merckle, a sitting chief circuit court judge, to give Hope's nephew a reduced sentence in a criminal case. A jury convicted Hope of bribery (subsection 838.015(1), Florida Statutes (1981)) and of giving, offering, or promising unlawful compensation (subsection 838.016(2), Florida Statutes (1981)). In sentencing Hope the trial court departed from the recommended sentence of any nonstate prison sanction and sentenced him to five years' imprisonment. The court gave four reasons for departure, which, on appeal, *276 the district court found inadequate. That court remanded for resentencing within the guidelines, but also certified the question set out above.
This case is closely related to Merckle v. State, 529 So.2d 269 (Fla. 1988), wherein we approved the district court's affirmance of Merckle's departure sentence. We found the departure warranted because of Merckle's status as a judge, an officer who, because of his unique position, should expect to be treated more harshly than other public servants when he abuses his office. The same concerns, however, do not necessarily attach to giving a bribe to a judge. As the district court pointed out,
Hope was a private citizen with no more duty, responsibility or obligation to the public than any other private citizen. This is in great contrast to the duties, responsibilities and obligations of then Judge Merckle as not only a sitting circuit judge but the chief judge of his circuit. The legislature has not chosen to differentiate regarding the degree of punishment that pertains to an act of bribery depending upon the status or office held by the official being bribed. Neither is it a proper reason for departure to equate the sentence of the one bribing with the sentence of the one being bribed.
508 So.2d at 427.
We agree with the district court and hold that giving a bribe to a judge is not a valid reason for departure, in contrast to a judge's accepting a bribe. Merckle. Therefore, we answer the certified question in the negative and approve the district court's decision.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and SHAW, JJ., and LARRY G. SMITH, Associate Justice, concur.
BARKETT and KOGAN, JJ., concur in result only.