PER CURIAM.
Joseph Charles Spadaro appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings consistent with rule 3.850 and this opinion.
We agree with the trial court that Spada-ro’s claims of ineffective assistance of trial counsel are facially insufficient to warrant an evidentiary hearing. Thus, that part of the trial court’s order is affirmed.
We must, however, reverse the summary denial of Spadaro’s allegations that his plea was involuntary and that his sentence is illegal. Although the trial court denied these claims without an evidentiary hearing, but did attach portions of the record, we conclude that the attachments do not conclusively refute Spadaro’s allegations. Accordingly, we reverse that part of the trial court’s order which denied Spadaro’s allegations that his plea was involuntary and that his sentence is illegal. Upon remand, unless the files and records conclusively show that Spadaro is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court is to determine whether an evidentiary hearing is required. If an evidentiary hearing is not necessary, the trial court is to attach to its order sufficient record to overcome Spadaro’s contentions. If the court should deny Spa- *1347 daro’s motion, he has thirty days in which to appeal.
DANAHY, A.C.J., and FRANK and HALL, JJ., concur.