537 So.2d 611 (1988)
Roosevelt GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1256.
District Court of Appeal of Florida, Second District.
November 30, 1988.
Roosevelt Glenn, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Glenn appeals the denial of a series of motions for post-conviction relief. Only one issue raised merits discussion.
Glenn was convicted of numerous drug charges contained in a multi-count information, which included count III charging trafficking in heroin, count IV charging trafficking in cocaine, count V charging delivery of heroin, and count VI charging *612 delivery of cocaine. The convictions were affirmed by this court.[1]
In his motion for post-conviction relief, Glenn alleges separate convictions and sentences for trafficking in and delivery of each substance are impermissible under Carawan v. State, 515 So.2d 161 (Fla. 1987),[2] since they constitute double jeopardy. At the hearing on Glenn's motion, the state conceded that both counts III and V referred to the same heroin and that counts IV and VI referred to the same cocaine. The trial court denied Glenn's motion, observing that although it believed Carawan did apply to prevent the dual convictions, it was compelled to deny the motion based upon Harris v. State, 520 So.2d 639 (Fla. 1st DCA 1988), review denied, 536 So.2d 244 (Fla. 1988).
Harris involved convictions for armed robbery and possession of a firearm during the commission of a felony resulting from the same criminal act. At the time of the original sentencing, these two convictions were proper. State v. Gibson, 452 So.2d 553 (Fla. 1984). Following the affirmance of these convictions on appeal, the supreme court overruled Gibson and held the legislature did not intend dual punishment for a single criminal act of displaying a firearm and of carrying a firearm while committing a robbery. Hall v. State, 517 So.2d 678 (Fla. 1988). Harris moved for post-conviction relief, which was denied. Upon review of that order, the first district observed that there was nothing in the supreme court's decision in Hall which would apply the holding retroactively or provide that dual convictions for a single act are fundamental error.
Harris appears to be in conflict with this court's decision in Kraus v. State, 491 So.2d 1278 (Fla. 2d DCA 1986). In 1984, Kraus had pleaded guilty to charges of manslaughter by intoxicated driver and manslaughter by culpable negligence, both of which stemmed from a single death. This court observed that a double jeopardy argument may be raised properly via a motion for post-conviction relief, citing as authority Cantrell v. State, 405 So.2d 986 (Fla. 1st DCA 1981), rev'd on other grounds, 417 So.2d 260 (Fla. 1982). As here, Kraus dealt with a sentence which was imposed prior to decisions[3] invalidating similar sentences upon double jeopardy grounds.
We reverse the order denying Glenn post-conviction relief and remand this case to the trial court to vacate the convictions and sentences contained in counts V and VI of the information. The defendant need not be present for this proceeding. Although we are aware that the supreme court denied review in Harris, we certify conflict with Harris and adhere to this court's opinion in Kraus.
Reversed and remanded.
RYDER, A.C.J., and LEHAN, J., concur.
NOTES
[1] Glenn v. State, 512 So.2d 223 (Fla. 2d DCA 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988).
[2] This court has applied the double jeopardy rationale in Carawan to prohibit the imposition of separate sentences for possession, delivery, and trafficking in the same illegal drug. Campbell v. State, 517 So.2d 696 (Fla. 2d DCA 1987).
[3] See Houser v. State, 474 So.2d 1193 (Fla. 1985); State v. Gibron, 478 So.2d 475 (Fla. 2d DCA 1985).