PER CURIAM.
This is an appeal from the summary denial of Jensen’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In his motion Jensen raised three allegations, only one of which has merit. Jensen, citing Carawan v. State, 515 So.2d 161 (Fla.1987), and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), contended that his convictions and sentences for trafficking in and possession of cocaine violated the prohibition against double jeopardy because they arose from a single transaction. Because Jensen was convicted prior to the supreme court’s decision in Carawan, the trial court summarily denied the motion, relying on the fifth district’s decision in Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988), that Carawan “was not specifically retroactive to prior convictions.”
After the trial court’s summary denial of Jensen’s motion, this court decided in Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988), that a prisoner may raise, via a motion for postconviction relief, a double jeopardy violation in reliance on Carawan, even though the prisoner was convicted prior to the supreme court’s decision in Carawan. In Glenn we certified conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), rev. denied, 536 So.2d 244 (Fla.1988), which reached a contrary holding.
Adhering to Glenn, we hold that the trial, court erred in summarily denying this allegation of Jensen’s motion. We have not overlooked that Jensen has alleged that his convictions and sentences arose from a single “transaction,” as opposed to a single “act.” While we caution that the decisions in Carawan and Gordon make clear the distinction between those terms, see Carawan, 515 So.2d at 170 n. 8, we cannot tell from the record before us that Jensen, who is pro se, simply has not chosen carefully his words.
Accordingly, we reverse the trial court’s summary denial of this allegation in Jensen’s motion, and affirm as to the remaining allegations. On remand, unless the case files and records conclusively show that Jensen is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentia-ry hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Jensen’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
As we did in Glenn, we certify that our decision is in conflict with Harris.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
DANAHY, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.