538 So.2d 1354 (1989)
James Michael ETLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3195.
District Court of Appeal of Florida, Second District.
February 22, 1989.
James Michael Etlinger, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
James M. Etlinger appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons stated below, we affirm in part and reverse in part.
On July 26, 1984, Etlinger pleaded guilty to multiple charges and, pursuant to a negotiated plea, was sentenced to thirty years' imprisonment. In case number CRC8400694, Etlinger was adjudicated guilty and sentenced for armed robbery, burglary, aggravated assault, and grand *1355 theft. He did not appeal his convictions and sentences, but on February 1, 1985, he filed a motion for postconviction relief, alleging that he was denied due process, his counsel was ineffective, and that his sentences were illegal. The trial court summarily denied the motion, which this court affirmed without an opinion on October 11, 1985, and denied rehearing on November 20, 1985.
Almost three years later, on September 27, 1988, Etlinger filed a second motion for postconviction relief. That motion is the subject of this appeal and in it he alleged (1) that his convictions and sentences in case number CRC8400694 violated the prohibition against double jeopardy, (2) that his guilty pleas were involuntary, and (3) that the trial court committed fundamental error in accepting his plea without first determining whether it was supported by a factual basis. The trial court summarily denied the motion, finding that it was an abuse of process because Etlinger did not allege any facts previously unknown to him or facts that could not have been discovered through due diligence, and that Etlinger did not raise any newly established fundamental constitutional right. The trial court also found the motion untimely because it was filed more than two years after Etlinger's judgment and sentence had become final. Etlinger timely appealed.
We agree with the trial court that Etlinger's second and third grounds for postconviction relief are procedurally barred by rule 3.850, and affirm that part of the summary denial of the motion.
In his first ground, however, Etlinger contends that he is not procedurally barred from relief because recent supreme court decisions  Carawan v. State, 515 So.2d 161 (Fla. 1987), and Royal v. State, 490 So.2d 44 (Fla. 1986)  have held that his convictions and sentences for aggravated assault and grand theft in case number CRC8400694 violate the prohibition against double jeopardy.
Rule 3.850 provides, in pertinent part, that a motion for postconviction relief may be filed more than two years after the judgment and sentence have become final if it alleges that "the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." Etlinger argues that the supreme court's decisions in Carawan and Royal come within this aspect of the rule.
In Royal the supreme court held that a person could not be properly convicted of robbery under section 812.13 if force, violence, or an assault were not used prior to or while taking the property. 490 So.2d at 46. Although the defendants in Royal could not be found guilty of robbery, under the facts of that case, the court did state that they could be convicted of aggravated assault with a deadly weapon, "which is a necessarily lesser included offense of robbery with a firearm... ." Id. Etlinger contends that this statement in Royal supports his claim that he cannot be convicted of both armed robbery and aggravated assault with a deadly weapon. We disagree because the statement upon which Etlinger relies was not the precise holding in that case; and, standing alone, cannot be interpreted as establishing a fundamental constitutional right.
We do agree, however, that the supreme court's recent decision in Carawan supports Etlinger's double jeopardy claims. In Carawan the supreme court receded from its prior decision in State v. Rodriquez, 500 So.2d 120 (Fla. 1986), and held that a defendant could not be convicted of both grand theft and robbery based upon the same underlying act. The court found that:
both of these offenses address the same evil, i.e., the taking of property without consent. Dual punishments were thus improper since reason dictated that the legislature's probable intent was only to provide for a more severe penalty when a single theft was accompanied by an additional aggravating factor, not to multiply punishments because other aggravating factors also occurred.
515 So.2d at 170.
We conclude that the decision in Carawan established a fundamental constitutional *1356 right, i.e., that convictions for both robbery and grand theft violated the prohibition against double jeopardy. Although the Carawan opinion did not specifically speak to dual convictions for armed robbery and aggravated assault when based upon the same underlying act, our sister courts have applied the analysis employed in Carawan to find that such convictions violate the prohibition against double jeopardy. Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988); McKenney v. State, 529 So.2d 367 (Fla. 1st DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
Further, this court has held that Carawan is retroactively applicable to convictions which were obtained prior to the opinion's rendition. Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988); Gonzalez-Osorio v. State, 535 So.2d 644 (Fla. 2d DCA 1988). Contra Harris v. State, 520 So.2d 639 (Fla. 1st DCA), rev. denied, 536 So.2d 244 (Fla. 1988) (reaching a contrary holding).
Accordingly, we hold that the trial court erred in summarily denying the double jeopardy contention in Etlinger's second motion. It is obvious that such argument could not have been asserted at the time Etlinger filed his first 3.850 motion and the constitutional right he now urges did not exist in the limiting period provided in that rule. We reverse this part of the summary denial, and remand for further proceedings pursuant to rule 3.850.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.