539 So.2d 1169 (1989)
Joseph Charles SPADARO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3182.
District Court of Appeal of Florida, Second District.
March 10, 1989.
*1170 CAMPBELL, Chief Judge.
Joseph Charles Spadaro timely appeals the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We previously reviewed the circuit court's summary denial of Spadaro's motion and affirmed in part and reversed in part. Spadaro v. State, 528 So.2d 1346 (Fla. 2d DCA 1988). On remand, the court again summarily denied the motion and provided attachments from the record in support of a portion of the ruling. We again affirm in part and reverse in part.
We agree with the trial court that Spadaro's claim of an involuntary plea is adequately refuted by the record and transcript. That portion of the order is affirmed.
However, we reverse the denial of Spadaro's allegation that he was sentenced in violation of double jeopardy prohibitions for trafficking in cocaine and possession of cocaine. Carawan v. State, 515 So.2d 161 (Fla. 1987). Subsequent to the circuit court's determination to the contrary, this court held that Carawan is retroactively applicable to convictions which were obtained prior to the opinion's rendition. Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988); Gonzalez-Osorio v. State, 535 So.2d 644 (Fla. 2d DCA 1988). Contra Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla. 1988) (reaching a contrary holding).
Accordingly, we find that the trial court erred in summarily denying Spadaro's double jeopardy contention. We reverse this part of the summary denial with directions that the trial judge examine the files and records in this case to determine whether they conclusively refute Spadaro's double jeopardy argument. If so, the court should attach such documentation to its order. Otherwise, an evidentiary hearing may be necessary to resolve the question. If the record actually supports Spadaro's argument, the court should vacate the judgment and sentence for possession of cocaine. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
SCHEB and RYDER, JJ., concur.