541 So.2d 1312 (1989)
Arden M. MERCKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00233.
District Court of Appeal of Florida, Second District.
April 12, 1989.
Arden M. Merckle, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Arden Merckle appeals the summary denial of his motion for postconviction relief. We reverse.
Merckle was convicted of bribery,[1] receiving unlawful compensation,[2] extortion by a state officer,[3] and misbehavior in office.[4] He was sentenced to five years in state prison for the first offense and placed on consecutive terms of probation for the remaining offenses. The convictions and sentences were affirmed on appeal. Merckle v. State, 512 So.2d 948 (Fla. 2d DCA 1987), approved, 529 So.2d 269 (Fla. 1988). Merckle now argues that the multiple punishments constitute a double jeopardy violation because all four of his convictions stem from a single act requiring the same proof.
The trial court determined that this issue could have been raised on direct appeal and denied the motion without addressing the merits of Merckle's double jeopardy claim. However, Merckle relies primarily upon Carawan v. State, 515 So.2d 161 (Fla. 1987), which had not been decided at the time of his appeal. This court has held that Carawan, which substantially modified the law regarding double jeopardy, may be applied retroactively in proceedings initiated under rule 3.850, Florida Rules of Criminal Procedure. Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988).
We find that Merckle's motion presents a prima facie showing of his entitlement to relief. Accordingly, the order of the trial court is reversed and this case remanded for further proceedings pursuant to rule 3.850.
Reversed.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.
NOTES
[1] § 838.015(1), Fla. Stat. (1981).
[2] § 838.016(2), Fla. Stat.
[3] § 839.11, Fla. Stat. (1981).
[4] A common law crime. See § 775.01, Fla. Stat. (1981).