McDonald, Judge.
We have for review Merckle v. State, 541 So.2d 1312 (Fla. 2d DCA 1989), based on express and direct conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla.1988). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash Merckle.
A jury convicted Arden Merckle of bribery, receiving unlawful compensation, extortion by a state officer, and misbehavior in office. The trial court sentenced Merck-le to five years in state prison for the first offense and placed him on consecutive terms of probation for the remaining offenses. The district court affirmed the convictions and sentences. Merckle v. State, 512 So.2d 948 (Fla. 2d DCA 1987), *1104 approved, 529 So.2d 269 (Fla.1988). In a motion for postconviction relief, Merckle argued that his multiple punishments constituted a double jeopardy violation because all four of his convictions stemmed from a single criminal act and. all required the same proof, relying on Carawan v. State, 515 So.2d 161 (Fla.1987), which had not been decided at the time of his direct appeal. The district court reversed the trial court’s denial of the motion. The question thus presented to this Court concerns whether Carawan may be retroactively applied on a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure.
In State v. Glenn, 558 So.2d 4 (Fla.1990), we held that double jeopardy claims based on Carawan could not be applied retroactivity on a postconviction motion. Therefore, we quash the district court’s decision in Merckle, order the district court to reinstate the trial court’s denial of the motion for postconviction relief, and approve Harris.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and KOGAN, JJ„ concur.
BARKETT, J., concurs in result only.
GRIMES, J., did not participate in this case.