McDONALD, Justice.
We have for review Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988), based on express and direct conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla.1988). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash Pastor.
A jury convicted Roberto Pastor of attempted first-degree murder with a deadly weapon and unlawful possession of a deadly weapon while engaged in a criminal offense. The trial court sentenced him to seventeen years in state prison for the first offense and five years for the second, to run concurrently. Pastor did not appeal the convictions and sentences. In a motion for postconviction relief, Pastor argued that such dual punishment constituted a double jeopardy violation because the convictions stemmed from a single criminal act and both required the same proof, relying on Carawan v. State, 515 So.2d 161 (Fla.1987). The district court reversed the trial court’s denial of the motion. The question thus presented to this Court concerns whether Carawan may be retroactively applied on a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure.
In State v. Glenn, 558 So.2d 4 (Fla.1990), we held that double jeopardy claims based on Carawan could not be applied retroactively on a postconviction motion. Therefore, we quash the district court’s decision in Pastor, order the district court to reinstate the trial court’s denial of the motion for postconviction relief, and approve Harris.
It is so ordered.
*1113 EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.