McDONALD, Justice.
We have for review Etlinger v. State, 538 So.2d 1354 (Fla. 2d DCA 1989), based on express and direct conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla.1988). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash Etlinger.
A trial court adjudicated James Michael Etlinger guilty and sentenced him for armed robbery, burglary, aggravated assault, and grand theft. Etlinger did not appeal the convictions and sentences. In a motion for postconviction relief, Etlinger argued that his convictions and sentences for aggravated assault and grand theft constituted a double jeopardy violation because they both stemmed from a single criminal act and required the same proof, relying on Carawan v. State, 515 So.2d 161 (Fla.1987). The district court reversed the trial court’s denial of the motion. The question thus presented to this Court concerns whether Carawan may be retroactively applied on a motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure.
In State v. Glenn, 558 So.2d 4 (Fla.1990), we held that double jeopardy claims based on Carawan could not be applied retroactively on a postconviction motion. Therefore, we quash the district court’s decision in Etlinger, order the district court to reinstate the trial court’s denial of the motion for postconviction relief, and approve Harris.
It is so ordered.
*1119 EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ„ concur.
BARKETT, J., concurs in result only.