McDONALD, Justice.
We have for review Jensen v. State, 538 So.2d 540 (Fla. 2d DCA 1989), based on express and direct conflict with Harris v. State, 520 So.2d 639 (Fla. 1st DCA), review denied, 536 So.2d 244 (Fla.1988). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash Jensen.
Eric Jensen entered a plea of nolo con-tendere and the trial court adjudicated him guilty of several charges, including trafficking in and possession of cocaine. The district court per curiam affirmed the judgments of conviction and sentences imposed by the trial court. Jensen v. State, 522 So.2d 393 (Fla. 2d DCA 1987). In a motion for postconviction relief, Jensen argued that his convictions for both trafficking in and possession of cocaine constituted a double jeopardy violation because both stemmed from a single criminal act and required the same proof, relying on Carawan v. State, 515 So.2d 161 (Fla.1987), which had not been decided at the time of his direct appeal. The district court reversed the trial court’s denial of the motion. The question thus presented to this Court concerns whether Carawan may be retroactively applied on a motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure.
In State v. Glenn, 558 So.2d 4 (Fla.1990), we held that double jeopardy claims based on Carawan could not be applied retroactively on a postconviction motion. Therefore, we quash the district court’s decision in Jensen, order the district court to reinstate the trial court’s denial of the motion for postconviction relief, and approve Harris.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only,