PER CURIAM.
This is an appeal from the summary denial of appellant’s motion for postconviction relief. Appellant’s allegation that his conviction was obtained by illegal entrapment could be and was raised on direct appeal. Appellant’s allegations of ineffective assistance of trial counsel are facially insufficient. The only ground appellant raises that has arguable merit is that he was convicted for trafficking and possession of the same cocaine. Glenn v. State, 537 So.2d 611 (Fla. 2d DCA 1988). Although the trial court denied the motion without an evidentiary hearing, it did not attach to its order any portion of the files or record to refute this allegation.
Accordingly, we reverse that part of the order denying this allegation of appellant’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that appellant is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute appellant’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
LEHAN, A.C.J., and PARKER and ALTENBERND, JJ., concur.