PER CURIAM.
Appellant, Angel De Leon, appeals the denial of his motion for post-conviction relief. We affirm.
Appellant entered a plea of nolo conten-dere and the trial court adjudicated him guilty of unlawful possession of a firearm while engaged in a criminal offense, burglary of an occupied dwelling with an assault with dangerous weapons, and aggravated assault with a deadly weapon. Appellant did not appeal from the judgments of conviction and sentences imposed.
In his motion for post-conviction relief, appellant, relying on Carawan v. State, 515 So.2d 161 (Fla.1987), contends that his conviction for unlawful possession of a firearm while engaged in a criminal offense, violates double jeopardy. Appellant's conviction stemmed from a single criminal act and required the same proof as the convictions for burglary of an occupied dwelling with dangerous weapons, and aggravated assault with a deadly weapon. Although appellee State concedes the conviction for unlawful possession of a firearm while engaged in a criminal offense must be reversed, we do not agree.
The Florida Supreme Court has expressly ruled that double jeopardy claims based on Carawan do not apply retroactively to post-conviction relief motions. State v. Glenn, 558 So.2d 4 (Fla.1990); State v. Jensen, 557 So.2d 23 (Fla.1990); State v. Pastor, 556 So.2d 1112 (Fla.1990). Accordingly, appellant is not entitled to relief on his double jeopardy claim.
Having concluded the other points raised by appellant to be facially insufficient to support the relief sought, the trial court's denial of appellant’s post-conviction relief motion is affirmed.